UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Jeff Berner, Individually and for Others Similarly Situated,<br><br>v.<br><br>PharMerica Logistics Services, LLC | Case No.   3:23CV-142-CRS |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. PharMerica Logistics Services, LLC failed to pay its pharmacists on a salary basis.

2. PharMerica therefore owed these workers overtime under the Fair Labor Standards Act (FLSA) and, where applicable, state law. *Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct. 677, 691 (2023) (the FLSA generally gives employers two options: either "pay employees a true salary" or "pay them overtime").

3. Instead, PharMerica paid its pharmacists the same hourly rate for all hours worked, including those over 40 in a workweek.

4. This lawsuit seeks to recover the unpaid overtime and other damages owed to PharMerica's pharmacists under the FLSA and the Ohio Minimum Fair Wage Act ("OWA").

## PARTIES

### Jeff Berner

5. Jeff Berner is an adult individual who is a resident of Ohio.

6. Berner was employed by PharMerica as a Pharmacist from November 2020 until early 2022.

7. Berner is a covered employee under the FLSA and OWA.

### PharMerica

8. PharMerica is a limited liability company headquartered in Louisville Kentucky.

9. At all relevant times, PharMerica employed Berner within the meaning of the FLSA and OWA.

10. PharMerica did not pay Berner on a salary basis.

11. PharMerica did not pay Berner overtime pay.

12. PharMerica maintained control, oversight, and direction over Berner including timekeeping, payroll, and other employment practices that applied to them.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. The Court has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

15. PharMerica is subject to personal jurisdiction in Kentucky because it is headquartered here.

16. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in this Circuit, and PharMerica conducts business in this Circuit.

## FACTS

17. PharMerica employed Berner as a pharmacist from November 2020 to approximately April 2022.

18. Berner worked in Ohio.

19. When he was hired, PharMerica told Berner he would receive a minimum guaranteed amount (called a "salary") plus additional hourly pay depending on the number of hours he worked in a week.

20. PharMerica tracked the hours worked by Berner each week.

21. PharMerica's alleged salary did not cover Berner's normal scheduled workweek (something PharMerica knew from the beginning).

22. Instead, the alleged "salary" covered just 30 hours a week.

23. Berner regularly worked far more than 30 hours a week.

24. For example, in the 2-week period ending January 30, 2021, Berner worked 149 hours (meaning he worked *at least* 69 hours of overtime).

25. Berner was not paid time and a half for any of those overtime hours.

26. Instead, Berner was paid at the same hourly rate for all hours worked ($52/hr), including those over 40 in a workweek.

27. While Berner received a modest $2.50 shift differential for some of those hours, this was not overtime pay.

28. Instead, the shift differential is additional compensation that must be added into his regular rate for overtime purposes. 29 U.S.C. § 207(e).

29. In short, PharMerica failed to pay Berner overtime pay for hours worked beyond 40 in a workweek.

30. PharMerica's "straight time for overtime" payment scheme violates the FLSA and the OMA.

31. PharMerica applied this same straight time for overtime payment scheme to all the pharmacists Berner seeks to represent.

32. Just as PharMerica maintained records of the hours Berner worked, it maintained records of the hours worked of the other pharmacists like him.

33. PharMerica knew the FLSA required it to pay Berner and the other pharmacists a true salary or pay them overtime.

34. PharMerica did neither.

35. PharMerica's failure to pay overtime to its pharmacists was, and is, a willful violation of the FLSA and the OMA.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

36. PharMerica's illegal "straight time for overtime" policy extends beyond Berner.

37. PharMerica's "straight time for overtime" scheme is the "policy that is alleged to violate the FLSA" in the FLSA collective action. *See, e.g., Wellman v. Grand Isle Shipyard, Inc.*, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014).

38. PharMerica paid dozens (if not hundreds) of pharmacists according to the same, common, unlawful scheme that it paid Berner.

39. Many of these workers worked in Ohio.

40. Upon information and belief, PharMerica paid more than 40 pharmacists in Ohio according to its straight time for overtime policy.

41. PharMerica paid pharmacists across America according to its straight time for overtime policy.

42. Common questions of fact and law predominate in this action, including: (a) the legality of PharMerica's straight time for overtime pay policy; (b) PharMerica's "good faith" (or lack thereof) in adopting its straight time for overtime pay policy; (c) PharMerica's knowledge of the FLSA's overtime requirements; (d) PharMerica's knowledge of the OMA's requirements; (e) the appropriate measure of damages owed to PharMerica's pharmacists; (f) whether PharMerica's shift differentials must be included in its pharmacists' regular rates for the purposes of paying overtime.

43. Berner's claims are typical of the other hourly workers impacted by the PharMerica's "straight time for overtime" scheme because they arise from the application of the identical pay policy.

44. All PharMerica's pharmacists who were paid "straight time for overtime" are similarly situated to Berner because they are owed overtime for precisely the same reasons he is.

45. Any differences in job duties do not detract from the fact that all these hourly workers were and are entitled to overtime pay.

46. Berner has retained counsel competent and experienced in handling class and collective action litigation.

47. A collective and class action is a superior method for resolving the common questions that predominate in this case.

48. Absent a collective and class action, many PharMerica pharmacists may never recover their unpaid overtime and will also be denied the benefits of spreading costs and aggregating claims.

49. PharMerica pharmacists impacted by the "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

50. Therefore, the FLSA collective is properly defined as:

**All PharMerica pharmacists who were paid "straight time" for overtime at any point in the past 3 years.**

51. Berner further seeks certification of a class under Fed. R. Civ. P. 23 to remedy PharMerica's violations of the OMA.

52. PharMerica's illegal "straight time for overtime" pay practice is part of a continuing course of conduct, entitling Berner and all those similarly situated to him to recover for all such violations of the OWA, regardless of the date they occurred.

53. The class of similarly situated employees sought to be certified as a class action under the OMA is defined as:

**All PharMerica pharmacists employed in Ohio who were paid "straight time" for overtime.**

## CAUSES OF ACTION

*Violation of the FLSA*

54. By failing to pay Berner and the other pharmacists overtime, PharMerica violated the FLSA. 29 U.S.C. § 207(a).

55. PharMerica owes Berner and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

56. Because PharMerica knew, or showed reckless disregard for whether, its pay practices violated the FLSA, PharMerica owes these wages for at least the past three years.

57. PharMerica is liable to Berner and those similarly situated to him for an amount equal to all unpaid overtime as liquidated damages.

58. Berner and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

*Violation of the OMA*

59. PharMerica engaged in a pattern and practice of violating the OMA.

60. The conduct alleged violates the OMA.

61. At all relevant times, PharMerica was subject to the requirements of the OMA.

62. At all relevant times, PharMerica employed Berner as an "employee" within the meaning of the OMA.

63. The OMA requires an employer like PharMerica to pay Berner at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

64. Berner and the other pharmacists employed in Ohio are entitled to overtime pay under the OMA.

65. Within the relevant period, PharMerica had a policy of failing to pay pharmacists overtime for hours worked after 40 hours per workweek.

66. Berner and the other pharmacists employed in Ohio are entitled to unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

67. Berner and the other pharmacists employed in Ohio are entitled to attorneys' fees, costs, and expenses of this action, to be paid by PharMerica, as provided by the OMA.

<b>PRAYER</b>

**WHEREFORE**, Berner respectfully requests the following relief:

A. Certification of a collective action pursuant to the FLSA;

B. Certification of a Rule 23 class action for all state law violations;

C. Unpaid overtime wages pursuant to the FLSA;

D. Unpaid overtime and additional amounts owed under the OWA;

E. Liquidated damages permitted by law pursuant to the FLSA.

F. Prejudgment and post-judgment interest;

G. Reasonable attorneys' fees and costs of the action; and

H. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

 **/s/ Richard J. Burch**
_____
Richard J. Burch
David Moulton
Richard J. (Rex) Burch
11 Greenway Plaza #3025
Houston, Texas 77046
Telephone: (713) 877-8788

*Attorneys for the Berner and the proposed class and collective*

# CONSENT TO JOIN WAGE CLAIM

Print Name: Jeff Berner

1. I hereby consent to participate in a collective action lawsuit against **PharMerica Logistic Services, LLC** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: Jeff Berner (DocuSigned by: 146B48779170418)