UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00142-CRS

**JEFF BERNER**                                                                                          **PLAINTIFF**

**VS.**

**PHARMERICA LOGISTIC SERVICES LLC**                                             **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant PharMerica Logistic Services LLC's ("Defendant's") Motion for Protective Order. (DN 28). Plaintiff Jeff Berner ("Plaintiff") has responded in opposition. (DN 30). Per the Court's August 7, 2023 Order (DN 27) the matter now stands submitted to the Court. Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Judge referred this matter to the undersigned for resolution of all non-dispositive matters. (DN 20).

### I. Background

This case involves a wage dispute between Plaintiff, a pharmacist, and Defendant, his former employer. (DN 1). Plaintiff filed a Class and Collective Action Complaint on March 23, 2023. (*Id.*). In the Complaint, Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Act ("OMFWA"), specifically claiming that Defendant paid him "straight time for overtime" work that he had completed. (*Id.*). Further, Plaintiff suspects "dozens (if not hundreds)" of Defendant's other employees are similarly situated, and he seeks to have this case certified as a class or collective action. (*Id.*, at PageID # 5).

Plaintiff has not yet identified another individual who would be included in this class or collective action. He does, however, put forth two hypothetical groups: (1) "All PharMerica pharmacists who were paid 'straight time' for overtime at any point in the past 3 years'" as a

collective action under the FLSA; and (2) "All PharMerica pharmacists employed in Ohio who were paid 'straight time' for overtime" as a class action under the OMFWA. (DN 1 at PageID # 6–7).

On August 4, 2023, the Court held a teleconference with the parties to discuss an impasse over a potential scheduling order and the commencement of discovery, specifically discovery relating to class certification. (DN 20). The Court allowed the parties to engage in motion practice on the issue. (*Id.*). Now, Defendant has filed a Motion for Protective Order, seeking the Court to prevent Plaintiff from pursuing discovery on class or collective action until it receives a ruling on its pending Motion for Judgment on the Pleadings. (DN 28, at PageID # 95–96).

## II. Legal Standard

Rule 26 of the Federal Rules of Civil Procedure defines the boundaries of discovery. Generally, parties may use discovery to seek any relevant, non-privileged information. Fed. R. Civ. P. 26(b)(1). However, district courts have broad discretion to limit this information as appropriate. Fed. R. Civ. P. 26(b)(2); *see Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991) ("Th[e] desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant."). Courts should limit discovery to be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). While parties should use discovery to obtain necessary information, courts should not permit them to "go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d

231, 236–37 (6th Cir. 2016) (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

Parties can seek a protective order pursuant to Rule 26(c) to ask the Court to tailor the bounds of discovery to prevent disclosure of certain information, specify time or allot expenses for disclosure, and more. A movant must show "good cause" for a protective order's necessity to provide protection from a harm identified in Rule 26(c)(1)(A) "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano*, 699 F.3d 884, 901 (6th Cir. 2012). Parties show good cause by demonstrating that "specific prejudice or harm will result" if a Court does not issue a protective order. *In re Ohio Execution Protocol Litigation*, 845 F.3d at 236.

### III. Analysis

Defendant moves for a protective order to prevent Plaintiff "from pursuing discovery on a class or collective basis." (DN 28, at PageID # 95–96). Defendant asks to stay this discovery until the Court rules on its pending Motion for Judgment on the Pleadings. (*Id.*, at PageID # 97–99). It argues that such discovery at this stage is overbroad and unduly burdensome, and a stay would not cause hardship on Plaintiff. (*Id.*).

Generally, courts do not stay discovery while a motion to dismiss is pending. *See Per Services, LLC v. Van Sickle*, No. 2:20-cv-05539, 2021 WL 1030224, at *2 (W.D. Ky. Feb. 22, 2021) (collecting cases). Exceptions exist as to when to break from the general rule, including when it may promote judicial economy. *Id.* Examples include when a pending motion "raises a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds," and other instances where "it appears the complaint will almost certainly be dismissed." *Per Services, LLC,* 2021 WL 1030224, at *1.

3

Defendant supports its motion by citing a series of cases that break the trend of allowing discovery to proceed; however, all offered examples differ from our instant case. (DN 28, at PageID # 97). No case Defendant cites involves claims under the FLSA, where when it comes to potential class actions, "'other employees' themselves will usually have knowledge—sometimes unique knowledge—of the relevant facts." *See Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1010 (6th Cir. 2023). *See also Howard v. Management & Training Corporation*, 2014 WL 12971771 (6th Cir. 2014) (civil rights case); *Hughlett v. Romer-Sensky*. 497 F.3d 557 (6th Cir. 2006) (civil rights case); *Eversole v. EMC Mortg. Corp.*, No. 05-124-KSF, 2005 WL 8165032 (E.D. Ky. Aug. 9, 2005) (contract case).

Further, Defendant primarily argues that the Court should issue the stay due to Plaintiff's request being overbroad, as it would create an undue burden and expense to produce the requested records. (DN 28, at PageID # 98–99). However, Defendant fails to offer a "particular and specific demonstration of fact" showing why such a request would be burdensome. *See In re Ohio Execution Protocol Litigation*, 845 F.3d at 236. In fact, such record production should be relatively simple, as federal law requires employers to "keep records identifying employees and reflecting their wages, hours, 'and other conditions of employment.'" 29 U.S.C. § 211(c). Because employers must be able to produce these records "within 72 hours" if the Department of Labor were to make a request, responding to these narrow discovery requests should not be burdensome for Defendant. *See* 29 C.F.R. § 516.7(a).

Defendant also argues that a stay would not result in a hardship on Plaintiff even if the pending Motion for Judgment on the Pleadings were to be denied and the case move forward. (DN 28, at PageID # 99). This assertion also falls short. Class discovery at this juncture would protect potential class members by expeditiously giving them notice before their statutory timetable to

join the suit runs. While, as Defendant argues, the Court could eventually equitably toll lost time to protect these potential litigants' rights, doing so would not be an efficient use of judicial economy.

IV. Order

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (DN 28) is **DENIED**.

Copies:      Counsel of Record