UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-142-CRS

JEFF BERNER, individually and
      on behalf of all others similarly situated                          PLAINTIFF

v.

PHARMERICA LOGISTICS SERVICES, LLC                  DEFENDANT

**MEMORANDUM OPINION & ORDER**

I.       Introduction

Plaintiff Jeff Berner, a pharmacist, sued his employer, defendant PharMerica Logistics Services, LLC, for failing to pay him time-and-a-half for hours worked in excess of forty during a workweek — alleged violations of the Fair Labor Standards Act[1] and the Ohio Minimum Fair Wage Standards Act.[2] [DN 1]. Berner sues on his own behalf, raises a collective claim under the FLSA, [*Id.* at ¶¶ 36–38, 41], and raises a class action claim under the OMFWSA. [*Id.* at ¶¶ 36, 39–40, 42–43]. PharMerica contends that it is entitled to a judgment on the pleadings to both the FLSA collective claims and the OMFWSA class action claim. [DN 22]. That is, PharMerica argues that Berner's case can proceed only with respect to his individual claims. [*Id.* at 1, 6]. The court disagrees for three reasons.

First, Berner has sufficiently pleaded a FLSA collective claim such that his Complaint survives scrutiny under the now familiar *Iqbal* and *Twombly* standards.[3]  Second, in this Circuit, early challenges to class actions are properly filed as motions to strike under FED. R. CIV. P. 12(f) — as opposed to Rule 12(c) motions for a judgment on the pleadings.  *Duncan v. Jefferson Cnty.*

---

[1] 29 U.S.C. § 207(a).
[2] OHIO REV. CODE. ANN. § 4111.03(a).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Bd. of Educ.*, No. 3:19-cv-495-GNS, 2021 WL 1109355, at \*8 (W.D. Ky. Mar. 23, 2021). Third, PharMerica's motion is premature.  At bottom, PharMerica seeks to avoid the expense of such collective and class action claims by asserting — without any discovery — that Berner will never be able to assert collective or class action claims because he does not have facts necessary to such claims. In this way, PharMerica's Motion is not a challenge to the sufficiency of Berner's pleading. Instead, PharMerica essentially challenges Berner's right to issue notice to potential FLSA plaintiffs and class action participants.  Because such challenges are dependent upon some discovery, PharMerica's motion is premature.

## II.      Discussion

Before reaching the merits, the court first pauses to resolve a threshold issue presented by the parties: does Federal Rule of Civil Procedure 12(c) or 12(f) apply to PharMerica's motion? Berner argues that PharMerica's Motion should be construed as a motion to strike and ruled untimely. [DN 26 at 3–4].  PharMerica argues that in *Clark v. A&L Homecare & Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023), the Sixth Circuit Court of Appeals announced a heightened pleading standard and Berner failed to meet it, warranting dismissal of his FLSA collective and OMFWSA class action allegations under *Iqbal* and *Twombly*. [DN 22 at 4–6]. PharMerica also contends Berner's OMFWSA class action claim fails for the same reason. [*Id.* at 6]. Neither party differentiates FLSA collective actions from Rule 23 class actions. Yet, *Clark* makes clear that such actions are not identical and must be treated differently. As well, contrary to PharMerica's argument, *Clark* did not announce a new pleading standard. Nor did *Clark* address the sufficiency of class-action allegations under Rule 12(c). Thus, PharMerica's reliance on *Clark* is wholly misplaced.

*Clark* emphasizes the differences between FLSA collective claims and Rule 23 class-action claims, ultimately holding that before a district court may facilitate notice to potential FLSA-collective plaintiffs, lead plaintiffs, like Berner, must show that there is a "strong likelihood" that other employees are similarly situated to himself for the court to be justified in exercising its implied judicial power to facilitate notice of the FLSA collective claim. *Clark*, 68 F.4th at 1011.

As explained in *Clark,* in enacting the FLSA, Congress created a statutory cause of action for plaintiffs to litigate federal minimum-wage and overtime claims on behalf of "similarly situated" employees. 29 U.S.C. § 216(b). The statute provides that: "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* "Thus—assuming they are 'similarly situated'—other employees become parties to an FLSA suit only if they affirmatively choose to do so." *Clark*, 68 F.4th at 1007. While plaintiffs normally "come to the courts, rather than vice versa," *id.*, the Supreme Court of the United States has made clear that "in appropriate cases" district courts enjoy an implied judicial power to "facilitat[e] notice" of FLSA collective actions "to potential plaintiffs." *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169 (1989).

Before *Clark*, facilitating FLSA collective-action-notice proceeded in two steps. "In the first step—called 'conditional certification'—a district court [could] facilitate notice of an FLSA suit to other employees upon a 'modest factual showing' that they were 'similarly situated' to the original plaintiffs. That standard [was] a fairly lenient one. Thereafter, when merits discovery [was] complete—assuming the case [did] not settle[] in the meantime, which it usually [had]—the court [took] a closer look at whether those 'other employees' [were], in fact, similarly situated to the original plaintiffs. To the extent the court conclude[d] that they [were] similarly situated, it

then grant[ed] 'final certification' for the case to proceed to decision as a collective action." *Clark*, 68 F.4th 1008 (citations omitted).

The Sixth Circuit rejected this framework in *Clark* and contrasted it to Rule 23. *Id.* at 1009 (quoting *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402 (6th Cir. 2021)). No longer can a named plaintiff offer a modest factual showing to secure 'conditional certification' of a collective, and no longer are district courts in the Sixth Circuit justified in facilitating notice of an FLSA collective action on such a showing. Now, the named plaintiff must show that there is a "strong likelihood" that other employees are similarly situated to himself for the court to be justified in exercising its implied judicial power to facilitate notice of the FLSA collective claim. *Clark*, 68 F.4th at 1011. Then, if notice is sent to other employees, said employees "become parties to an FLSA suit . . . only after they opt in and the district court determines—not conditionally, but conclusively—that each of them is in fact 'similarly situated' to the original plaintiffs." *Id.* at 1009. So long as the other employees are, in fact, similarly situated, "the court simply adds parties to the suit." *Id.*

"[C]lass actions under Rule 23 'are fundamentally different from collective actions under the FLSA.'" *Id.* (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013)). That is because class actions, unlike FLSA collective actions, are representative. "Class actions developed as an exception to the formal rigidity of the necessary parties rule in equity and were designed as an exception to the usual rule that litigation is conducted by and on behalf of the individual-named parties only." 6A FED. PROC., L. ED. § 12.1 (2023). To prevent named parties from prosecuting claims on behalf of wholly absent people, Rule 23 provides a mechanism for the certification of a class, followed by notice to people who fall within the class. "The certification provisions of the class certification rule are designed to focus a court's attention on whether a proposed class has

sufficient unity so that absent members can fairly be bound by the decisions of the class representatives." *Id.* To that end, courts consider the proposed class's numerosity, commonality, typicality, and adequacy. FED. R. CIV. P. 23(a). These considerations, however, play no role in the court's determination of whether to add other employees to an FLSA collective action — precisely because an FLSA collective action is not representative in nature.

These differences inform how a court analyzes the sufficiency of a complaint that asserts FLSA collective and class action claims. For instance, for a court to be justified in dismissing FLSA collective claims from a complaint, it must be impossible to draw a reasonable inference that the named plaintiff and other employees could have "suffered from a single, FLSA-violating policy." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). By contrast, early challenges to class action claims are considered under Rule 12(f). *Duncan*, 2021 WL 1109355, at *8. And, to be justified in striking class claims from a complaint, the complaint must "itself demonstrate[] that the" Rule 23 "requirements for maintaining a class action cannot be met" — no matter what facts might be produced during discovery. *Glass v. Tradesmen Int'l, LLC*, 505 F. Supp.3d 747, 764 (N.D. Ohio 2020).

These standards are quite different — and are so by design. As the Sixth Circuit has observed, "Congress could have imported the more stringent criteria for class certification under [Rule] 23," but "it has not done so in the FLSA." *O'Brien*, 575 F.3d at 584. Instead, the FLSA's "similarly situated" requirement is "less stringent than . . . Rule 23(b)(3)'s requirement that common questions predominate for a 23(b)(3) class to be certified."[4] *Id.*

---

[4] This, of course, remains the *status quo* post-*Clark*, as *Clark* eliminated the 'conditional certification' stage of the FLSA collective notice determination, but did not change the definition of what makes other employees similarly situated to a named plaintiff. That is, *Clark* merely changed the factual showing necessary before a district court is justified in exercising its implied power to facilitate notice of an FLSA action. It did not change the post-notice

(discussing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). Thus, rather than consider the Rule 23 factors, a court need only discern whether the other employees might "suffer from a single, FLSA-violating policy" and whether "proof of that policy or of conduct in conformity with that policy" will prove "a violation as to all the plaintiffs."[5] *Id.* at 585. Thus, at the pleading stage, the plaintiff need only support his FLSA collective claim with sufficient allegations to justify an inference that other employees suffer from a single, FLSA-violating policy. *See O'Brien*, 575 F.3d at 585. Only later, in a motion for the court to facilitate notice, need a plaintiff support his FLSA collective claim with sufficient proof that he enjoys a strong likelihood of demonstrating that other employees are similarly situated to him. *Clark*, 68 F.4th at 1011.

**A. Berner's FLSA collective claim will not be dismissed.**

Turning to PharMerica's argument that Berner's FLSA collective claim should be dismissed under Rule 12(c), to dismiss, the court must find that Berner's complaint lacks sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 545. Berner's complaint contains sufficient factual content and will not be dismissed.

In his complaint, Berner identifies his FLSA collective as follows: "All PharMerica pharmacists who were paid 'straight time' for overtime at any point in the past 3 years." [DN 1 at ¶ 50]. To narrow the group of pharmacists who would be similarly situated to Berner, his complaint contours the bounds of his experience as a pharmacist employed by PharMerica. Specifically, Berner alleges that, when hired, he was guaranteed a "salary" that "covered just 30

---

standard for demonstrating whether other employees who received notice and seek to opt-in to the suit are, in fact, similarly situated to the named plaintiff.

[5] Indeed, in *O'Brien*, the Sixth Circuit found error where a district court "implicitly and improperly applied a Rule 23-type analysis when it reasoned that the plaintiffs were not similarly situated because individualized questions predominated," reasoning that "[t]his is a more stringent standard than is statutorily required." *O'Brien*, 575 F.3d at 584–85.

hours a week[.]" [DN 1 at ¶ 22]. Yet, "Berner regularly worked far more than 30 hours a week"—

including at least one two-week period in which he "worked 149 hours[.]" [DN 1 at ¶¶ 23–24].

Berner claims he "was not paid time and a half for any of those overtime hours," instead, he was

"paid at the same hourly rate for all hours worked[.]" [DN 1 at ¶¶ 25–26]. Further, Berner asserts

that PharMerica (1) "tracked the hours worked by Berner each week" and (2) "maintained records

of the hours Berner worked," in addition to "records of the hours worked of the other pharmacists

like him." [DN 1 at ¶ 20, 32]. Berner alleges that PharMerica "paid its pharmacists" — numbering

"dozens (if not hundreds)" — "the same hourly rate for all hours worked, including those over 40

in a workweek[,]" effectively applying a "straight time for overtime payment scheme to all the

pharmacists Berner seeks to represent." [DN 1 at ¶ 3, 31, 38]. In the end, Berner asserted that

"[a]ll PharMerica's pharmacists who were paid 'straight time for overtime' are similarly situated

to Berner because they are owed overtime for precisely the same reasons he is." [DN 1 at ¶ 44].

     Berner's complaint contemplates the existence of a readily discernable collective of other

employees who could be similarly situated to Berner: pharmacists who are employed by

PharMerica and receive neither "a true salary" nor are paid overtime. Such a collective could

foreseeably "suffer from a single, FLSA-violating policy[.]" *O'Brien*, 575 F.3d at 585. On its face,

then, Berner's complaint supports a reasonable inference that a collective of other PharMerica

employees could be similarly situated to Berner and suffer from a single, FLSA-violating policy.

Thus, Berner's FLSA collective claim survives *Iqbal* and *Twombly* under Rule 12(c), and for the

same reasons survives Rule 12(f)'s motion to strike standard. Identifying the definitive existence

of Berner's proposed collective, of course, is a matter reserved for discovery and later motion

practice. *Clark* supports this conclusion.

Nonetheless, PharMerica argues that Berner's complaint "failed to allege facts sufficient to show that [Berner] is similarly situated to other PharMerica employees who worked as pharmacists." [DN 22 at 4]. PharMerica roots its argument in *Clark*. Again, *Clark* spells out the standard a district court must apply before exercising its implied power to facilitate notice of an FLSA collective action to other employees: that the named plaintiff must show that there is a strong likelihood that those employees are similarly situated to himself. *Clark*, 68 F.4th at 1011. PharMerica also relies on a post-*Clark* decision out of the Northern District of Ohio — *Shoemo-Flint v. Cedar Fair, L.P.*, No. 3:22-cv-1113, 2023 WL 4235541, at *3 (N.D. Ohio June 28, 2023) — which notably granted not a motion for judgment on the pleadings, but a motion to strike class action and FLSA collective allegations from a plaintiff's complaint. Relying on both cases, PharMerica argues that Berner's class action and collective claims must be dismissed because the complaint fails to show a "strong likelihood" that Berner is similarly situated to other PharMerica pharmacists. [DN 22 at 5] (referencing *Shoemo-Flint*, 2023 WL 4235541, at *2–3).

In so doing, PharMerica makes clear that its motion is less about how Berner pleaded his claims, and more about the likelihood of this court to either (1) exercise its implied judicial power to facilitate notice of Berner's FLSA collective claim to other employees under the *Clark* notice standard or (2) certify a class for Berner's OMFWSA class action claim.[6] Specifically, PharMerica seeks to dispense early in litigation with Berner's FLSA collective claim by showing that it is doomed to fail at the notice stage, and with Berner's OMFWSA class claim by showing that it is doomed to fail at the certification stage. [DN 22 at 5]. In this way, the motion is premature. At this stage, Berner need only show that the complaint permits a reasonable inference that other employees could suffer from a single, FLSA-violating policy. He does so.

---

[6] Indeed, neither *Clark* nor *Shoemo-Flint* addressed a motion for judgment on the pleadings. *Clark* concerned the notice stage, and *Shoemo-Flint* concerned a motion to strike.

Also, PharMerica's reliance on *Shoemo-Flint* is misplaced because Berner's complaint is distinguishable from that of the *Shoemo-Flint* plaintiff in important ways. There, after one-year of litigation and the filing of an amended complaint, the plaintiff still failed to identify "when she began working," "how long she worked," and "whether she still works" for the defendant. *Shoemo-Flint*, 2023 WL 4235541, at *2. Consequently, the complaint failed to define the contours of the plaintiff's personal situation, which made it impossible for the court to later determine whether any members of the collective could be similarly situated to her. The lack of identifiable personal information, coupled with "conclusory allegations that her experiences are typical of the experiences of all other servers employed by Defendant," justified the *Shoemo-Flint* court in striking the plaintiff's class and collective allegations from the complaint. *Id.* at *3. Such omissions do not exist here. Berner's complaint sufficiently contours the bounds of his personal experience as a pharmacist employed by PharMerica, thus providing a basis for later comparison in the event other employees seek to join this action.

**B. Berner's OMFWSA class claim will not be stricken from the complaint.**

PharMerica rests its motion to dismiss the OMFWSA class action claim on the success of its motion to dismiss the FLSA collective claim "[b]ecause OMFWSA overtime cases are to be resolved under the 'same framework' and in a 'unitary fashion' with the FLSA[.]" [DN 22 at 6]. PharMerica is correct that the Sixth Circuit and its district courts often approach OMFWSA and FLSA claims "in a unitary fashion." *Hurt v. Commerce Energy, Inc.*, 973 F.3d 509, 515 (6th Cir. 2020); *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 69 n.2 (6th Cir. 1997). However, that is the case when the substance of the claim is at issue, as the OMFWSA "parallels the FLSA." *Id.* At the pleading stage, courts must consider the appropriate pleading standard in light of the species of claim alleged. And, as discussed earlier, what must be pleaded to support an FLSA collective

claim differs from what must be pleaded to support an OMFWSA class action claim — as any class action allegation must contemplate the Rule 23 class certification factors, while FLSA collective claims need not.

PharMerica advances no developed argument that Berner's OMFWSA class claim falls short of the Rule 23 certification requirements, as is required to prevail on such a motion. *Glass*, 505 F. Supp.3d at 764; *Eldridge v. Cabela's Inc.*, No. 3:16-cv-536-DJH, 2017 WL 4364205, at \*8 (W.D. Ky. Sept. 29, 2017). The nearest PharMerica comes is in its reply brief, where it states that Berner's complaint "does not allege any facts or details regarding any purported class member's hourly rate, hours worked, amount of pay, or alleged overtime hours." [DN 31 at 5]. But that is not enough. PharMerica does not develop its argument, does not specify how each of these metrics could be relevant to the Rule 23(a) factors, and does not demonstrate that "the requirements for maintaining a class action cannot be met" regardless of what facts are produced during discovery. *Glass*, 505 F.Supp.3d at 764.

Moreover, it is often the case that the defendants are "in control of the information plaintiffs need to meet that burden," so district courts generally decline to consider the merits of motions to strike class action allegations as premature before sufficient pre-certification discovery has been conducted. *Duncan*, 2021 WL 1109355, at \*8 (quoting *Murdock-Alexander v. TempsNow Emp. & Placement Servs., LLC*, No. 16-cv-5182, 2016 WL 683391, at \*3 (N.D. Ill. Nov. 21, 2016)). Given that (1) this case is only seven months old, (2) this case was only four months old at the time PharMerica filed its motion, and (3) PharMerica offered little argument in support of its motion to strike the OMFWSA class action claim, the court finds that PharMerica's motion to strike the class allegations is premature.

III.     Conclusion

In sum, Berner's FLSA collective claim survives *Iqbal* and *Twombly*, and his FLSA

collective and OMFWSA class action claims survive Rule 12(f). Thus, the court concludes that

PharMerica's Rule 12(c) motion for a judgment on the pleadings as to Berner's FLSA collective

claim and construed Rule 12(f) motion to strike Berner's FLSA collective claim and OMFWSA

class action claim from the complaint, [DN 22], must be and hereby is **DENIED.**

**IT IS SO ORDERED.**

November 27, 2023

**Charles R. Simpson III, Senior Judge**
**United States District Court**